UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL REYNA CHAVEZ,<br><br>           Plaintiff,<br><br>           v.<br><br>COUNTY JAIL OF SAN BERNARDINO ET. AL.,<br><br>           Defendants. | Case No. EDCV 14-02378-MMM (KK)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

This is a *pro per* inmate civil rights case. On December 17, 2014, Plaintiff Manuel Reyna Chavez ("Plaintiff") filed a first amended complaint ("FAC"). For the reasons that follow, the Court hereby orders it dismissed with leave to amend.

**I.**

**PROCEDURAL BACKGROUND**

On November 18, 2014, Plaintiff, proceeding pro se and in forma pauperis, lodged a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). ECF 1-1. The Complaint alleged Plaintiff was the victim of excessive force committed by three individual defendant San Bernardino Sheriff Deputies – [FNU] Sanchez, [FNU] Reynoso, and [FNU] Ungureanu – while an inmate at the West Valley

1

Detention Center. Id. at 3-5. The Complaint also named San Bernardino Sheriff John McMahon who was alleged to be "the head sheriff of S.B.S.D. that's accountable, liable, and responsible for these '3 deputies' actions and misconduct." Id. at 3. The Complaint named all four defendants in both their individual and official capacities. Although not clear, the Complaint appeared to also name the County Jail of San Bernardino as a defendant. On November 21, 2014, the Court dismissed the Complaint with leave to amend. ECF 2. Among other things, the Court found the Complaint failed to state a claim against any entity defendant or any defendant in his official capacity, and failed to state a claim against Sheriff McMahon in his individual capacity, as well. Id. at 3-6. The Court, however, ordered dismissal with leave to amend. Id. at 6-7.

On December 17, 2014, Plaintiff filed the FAC. ECF 8. The FAC names seven defendants: (1) the County of San Bernardino, (2) San Bernardino County Jail, (3) the Head Sheriff of West Valley Detention Center, (4) Captain Jeff Rose of the San Bernardino County Jail, (5) Deputy Sanchez, (6) Deputy Reynoso, and (7) Deputy Ungureanu. Id. at 3-4. Plaintiff alleges he was the victim of excessive force committed by Deputies Sanchez and Ungureanu while an inmate at the West Valley Detention Center in violation of his Eight Amendment rights. Id. at 1-6. All defendants are sued in both their individual and official capacities. Id.

## II.
## LEGAL STANDARD

The Prison Litigation Reform Act of 1996 obligates the court to review complaints filed by all persons proceeding in forma pauperis, and by all prisoners seeking redress from government entities. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. Under these provisions, the court may sua sponte dismiss, "at any time," any prisoner civil rights action and all other in forma pauperis complaints that are

frivolous or malicious, fail to state a claim, or seek damages from defendants who are immune. *Id.*, *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

The dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In making such a determination, a complaint's allegations must be accepted as true and construed in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990). Further, because Plaintiff is appearing pro se, the court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). But the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

## III.
## DISCUSSION

**A.  The FAC Fails to State a Claim Against any Entity Defendant, or Any Defendant in His Official Capacity**

Once again, Plaintiff has failed to state a claim against any entity defendant (*i.e.* the County of San Bernardino and San Bernardino County Jail), or *any* defendant in his official capacity. The U.S. Supreme Court has held that an

"official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *see also Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is *not* a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166. Moreover, a local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

  The FAC names five individual defendants in their official capacities. All five individual defendants are apparently employed by the San Bernardino Sheriff's Department. Accordingly, for purposes of Plaintiff's federal civil rights claims here, the entity that would be the real party in interest in any official-capacity suit against the named individual defendants is ultimately the City of San Bernardino (not the individual defendants). Likewise, while Plaintiff names the San Bernardino County Jail as a defendant, the County of San Bernardino would ultimately be the real party in interest. Therefore, Plaintiff's claims against the individual defendants in their official capacity and the County Jail of San Bernardino must be dismissed again for the same reasons articulated in this Court's prior dismissal order.

  In addition, as discussed above (and as previously stated in this Court's prior dismissal order), the County of San Bernardino may not be held liable for the alleged actions of, for example, San Bernardino Sheriff deputies, unless "the action that is alleged to be unconstitutional implements or executes a policy statement,

ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *See Monell*, 436 U.S. at 690-91; *accord Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1443-44 (9th Cir. 1991). As in the original Complaint, the FAC fails to identify any policy statements or regulations of the County of San Bernardino, or any officially adopted or promulgated decisions, the execution of which by these entities' agents or employees allegedly inflicted the injuries about which she is complaining. Moreover, Plaintiff has failed to allege any facts that would cause the court to "draw the reasonable inference" that any of these entities has a governmental custom of imposing illegal sentences, assaulting inmates, or denying inmates medical treatment. Thus, Plaintiff's claim against the County of San Bernardino must be dismissed again for the same reasons articulated in this Court's prior dismissal order.

**B.     The FAC Fails to State a Claim Against the Head Sheriff of West Valley Detention Center and Captain Jeff Rose of the San Bernardino County Jail in Their Individual Capacities**

Once again, Plaintiff fails to state a claim against defendants in their individual capacity based upon their supervisory role. Plaintiff names the Head Sheriff of West Valley Detention Center and Captain Jeff Rose of the San Bernardino County Jail in their individual capacity based upon their supervisory role over the three other individual defendants. However, there is no "supervisory liability" in Section 1983 actions. *Iqbal*, 556 U.S. 662; *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). In order to proceed against the Head Sheriff of West Valley Detention Center or Captain Jeff Rose of the San Bernardino County Jail,

Plaintiff must establish how they had *personal involvement* in the civil rights violations or that their action or inaction caused the harm suffered. "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Iqbal, 556 U.S. at 677. Absent such allegation(s), Plaintiff's claim against the Head Sheriff of West Valley Detention Center and Captain Jeff Rose of the San Bernardino County Jail will not be permitted to proceed.

**C.    The FAC Fails to State a Claim Against Deputy Reynoso in His Individual Capacity**

Finally, the FAC alleges Deputy Reynoso is liable for civil rights violations because he "threatened" Plaintiff's life by stating "if [Plaintiff] didn't shut the F— up! He was going to push [Plaintiff's] glasses into [his] face" and the "glasses are going to become [Plaintiff]s eyeballs." FAC at 5. Allegations of verbal harassment and embarrassment fail to state a cognizable claim under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981). Allegations of mere threats are also not cognizable under section 1983. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Thus, the FAC fails to state a claim against Deputy Reynoso in his individual capacity.

* * * * *

Accordingly, Plaintiff's claims against (1) all individual defendants in their official capacities, (2) the County of San Bernardino and San Bernardino County Jail, (3) the Head Sheriff of West Valley Detention Center and Captain Jeff Rose of the San Bernardino County Jail in their individual capacities, and (4) Deputy Reynoso in his individual capacity, must be dismissed. While the Court is skeptical Plaintiff can cure the deficiencies with respect to these claims, it will permit him leave to amend.

IV.

## LEAVE TO FILE A SECOND AMENDED COMPLAINT

Accordingly, **IT IS ORDERED THAT**:

1) Plaintiff shall have up to and including **January 29, 2015**, to file a Second Amended Complaint to attempt to cure the deficiencies discussed above. The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which plaintiff is encouraged to utilize.

2) If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. The Second Amended Complaint must be complete in and of itself, without reference to the original complaint or any other pleading, attachment or document.

An amended complaint supersedes the preceding complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the court will treat all preceding complaints as nonexistent. *Id.* Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim that was raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

**ADVISEMENT REGARDING SECOND AMENDED COMPLAINT**

Because any Second Amended Complaint will be Plaintiff's second opportunity to amend his complaint to rectify pleading deficiencies, the Court advises Plaintiff it will not be disposed toward another dismissal with leave to amend. "[A] district court's discretion over amendments is especially broad 'where

the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (Valerie Baker Fairbank, J.) (quoting DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 n.3 (9th Cir. 1987)); see also Zavala v. Bartnik, 348 F. App'x 211, 213 (9th Cir. 2009) ("Dismissal with prejudice was proper because Zavala was given two prior opportunities to amend his complaint in order to correct the deficiencies identified by the district court but failed to do so.").

If Plaintiff fails to timely file a Second Amended Complaint, the dismissal will be converted to a "with prejudice" dismissal due to a lack of prosecution and failure to comply with the Court's order. Likewise, if Plaintiff does file a Second Amended Complaint, but the Second Amended Complaint continues to contain claims on which relief cannot be granted, the dismissal will be converted to a "with prejudice" dismissal.

DATED: January 8, 2015

HON. KENLY KIYA KATO
United States Magistrate Judge