UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL REYNA CHAVEZ,<br><br>         Plaintiff,<br><br>    v.<br><br>COUNTY JAIL OF SAN BERNARDINO ET. AL.,<br><br>         Defendants. | Case No. EDCV 14-02378-MMM (KK)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND** |

This is a *pro se* inmate civil rights case. On April 7, 2015, Plaintiff Manuel Reyna Chavez ("Plaintiff") filed a Second Amended Complaint ("SAC"). For the reasons that follow, the Court hereby orders it dismissed with leave to amend.

## I.

## PROCEDURAL BACKGROUND

On November 18, 2014, Plaintiff, proceeding pro se and in forma pauperis, lodged a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). ECF 1-1. The Complaint alleged Plaintiff was the victim of excessive force, in violation of the Eighth Amendment, by three individual defendant San Bernardino Sheriff Deputies – [FNU] Sanchez, [FNU] Reynoso, and [FNU] Ungureanu – while an

inmate at the West Valley Detention Center. Id. at 3-5. The Complaint also named San Bernardino Sheriff John McMahon, who was alleged to be "the head sheriff of S.B.S.D. that's accountable, liable, and responsible for these '3 deputies' actions and misconduct." Id. at 3. The Complaint sued all four defendants in both their individual and official capacities. Although not clear, the Complaint appeared to also name the County Jail of San Bernardino as a defendant. On November 21, 2014, the Court dismissed the Complaint with leave to amend. ECF 2. Among other things, the Court found the Complaint failed to state a claim against any entity defendant or any defendant in his official capacity, and failed to state a claim against Sheriff McMahon in his individual capacity, as well. Id. at 3-6. The Court, however, ordered dismissal with leave to amend. Id. at 6-7.

On December 17, 2014, Plaintiff filed a First Amended Complaint. ECF 8. The First Amended Complaint named seven defendants: (1) the County of San Bernardino, (2) San Bernardino County Jail, (3) the Head Sheriff of West Valley Detention Center, (4) Captain Jeff Rose of the San Bernardino County Jail, (5) Deputy Sanchez, (6) Deputy Reynoso, and (7) Deputy Ungureanu. Id. at 3-4. All defendants were sued in both their individual and official capacities. Id. at 1-6. On January 8, 2015, the Court dismissed the First Amended Complaint with leave to amend. ECF 9. The Court found the First Amended Complaint failed to state viable official capacity claims against the individual defendants and municipal liability claims against the County of San Bernardino and San Bernardino County Jail. Id. at 3-5. The Court also found Plaintiff failed to state viable individual capacity claims against defendants Reynoso, Head Sheriff of West Valley Detention Center, and Captain Jeff Rose. Id. at 5-6.

On April 7, 2015, Plaintiff filed the instant SAC, again asserting the same central Eighth Amendment claim. ECF 18. The SAC names three defendants: (1)

2

Deputy Ungureanu; (2) Deputy Reynoso; and (3) Deputy Sanchez. Id. at 3. As in his prior complaints, Plaintiff checks boxes on the third page of the SAC indicating he sues all three defendants in their individual *and* official capacities. Id.

While Plaintiff has addressed the First Amended Complaint's deficiencies with respect to defendants County of San Bernardino, San Bernardino County Jail, Head Sheriff of West Valley Detention Center, and Captain Jeff Rose, the Court finds the SAC is still subject to dismissal because of its failure to: (1) allege plausible official capacity claims against all three named defendants; and (2) allege a plausible individual capacity claim against defendant Reynoso. However, dismissal will be with leave to amend.

## II.
## LEGAL STANDARD

The Prison Litigation Reform Act of 1996 obligates the court to review complaints filed by all persons proceeding in forma pauperis, and by all prisoners seeking redress from government entities. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. Under these provisions, the court may sua sponte dismiss, "at any time," any prisoner civil rights action and all other in forma pauperis complaints that are frivolous or malicious, fail to state a claim, or seek damages from defendants who are immune. *Id.*, *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

The dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In making such a determination, a complaint's allegations must be accepted as true and construed in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990). Further, because Plaintiff is appearing

3

pro se, the court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). But the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

### III.
### DISCUSSION

**A.     The Complaint Fails to State a Claim Against the Defendants in Their Official Capacities**

In order to state a claim for a civil rights violation under 42 U.S.C. section 1983, a plaintiff must allege that a particular defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the U.S. Constitution or a federal statute. 42 U.S.C. § 1983; *see West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

Suits against governmental officers in their official capacities are subject to the same requirements as *Monell* claims against local government entities. *See Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity of which an officer is an agent.") (internal citation omitted); *see also Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Indeed, despite naming individual governmental

4

officials, "[o]fficial-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Graham*, 473 U.S. at 166 (quoting *Monell*, 436 U.S. at 691). Hence, as with claims against local governments under *Monell*, to impose liability against officials acting in their official capacity, "the entity's 'policy or custom' must have played a part in the violation of federal law." *Id.* (internal citations omitted); *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002) (describing "two routes" to municipal liability: (1) where municipality's official policy, regulation, or decision violated plaintiff's rights, or (2) alternatively where municipality failed to act under circumstances showing its deliberate indifference to plaintiff's rights). Under certain circumstances, a single act, when carried out by a municipal "policymaker," may also give rise to *Monell* liability, even in the absence of a municipal policy or custom. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986) ("[Section 1983] municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances.").

An unwritten custom may give rise to *Monell* liability when it becomes "so 'persistent and widespread' that it constitutes a 'permanent and well settled [municipal] policy.'" *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting *Monell*, 436 U.S. at 691); *see Thomas v. Baca*, 514 F. Supp. 2d 1201, 1212 (C.D. Cal. 2007) ("A custom is a 'longstanding practice . . . which constitutes the standard operating procedure of the local government entity.'") (quoting *Menotti v. City of Seattle*, 409 F.3d 1113, 1151 (9th Cir. 2005)). "Isolated or sporadic incidents" are insufficient to establish an improper municipal custom. *Trevino*, 99 F.3d at 918 ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out

policy.") (internal citations omitted).

Here, the SAC has failed to correct the deficiencies identified by the Court in its previous orders. Plaintiff has again failed to show the alleged misconduct by defendants Ungureanu, Reynoso, and Sanchez was committed pursuant to any official government policy or custom. Rather, the alleged misconduct Plaintiff complains of was committed by individual officers *not* acting pursuant to any identifiable governmental policy or custom. Furthermore, Plaintiff does not allege that any of the individual defendants was a municipal "policymaker," such that a single act by such officials would give rise to *Monell* liability. Because of the lack of an identifiable policy or custom involved in the constitutional violation Plaintiff complains of, Plaintiff fails to state a claim under *Monell* against the three individual defendants in their official capacities.

Accordingly, Plaintiff's official capacity claims against the three defendants must be dismissed. If Plaintiff wishes to proceed against any of these defendants in their *official* capacities, he must (1) specify an unconstitutional policy or custom, (2) allege facts supporting the existence of that policy or custom, and (3) explain how that policy or custom was the "moving force" behind his injury. Alternatively, Plaintiff may simply not check the boxes on the third page of his complaint labeled "official capacity" and proceed *solely* on his *individual* capacity claims against the three defendants.

**B.   The SAC Fails to State a Claim Against Deputy Reynoso in His Individual Capacity**

The SAC alleges Deputy Reynoso is liable for civil rights violations because he "threatened" Plaintiff's life by stating "if [Plaintiff] didn't shut the F— up! He was going to push [Plaintiff's] glasses into [his] face" and the "glasses are going to become [Plaintiff]s eyeballs." SAC at 3. As the Court noted when dismissing Plaintiff's First

Amended Complaint, allegations of verbal harassment and embarrassment fail to state a cognizable claim under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981). Allegations of mere threats are also not cognizable under section 1983. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Thus, the SAC fails to state a claim against Deputy Reynoso in his individual capacity.

If Plaintiff wishes to proceed against defendant Reynoso, he must allege facts showing Reynoso's involvement in a constitutional violation. Alternatively, Plaintiff may simply omit Reynoso from any future amended complaint.

## IV.

## **LEAVE TO FILE A THIRD AMENDED COMPLAINT**

For the foregoing reasons, the SAC is subject to dismissal. As the court is unable to determine whether amendment would be futile, leave to amend is granted. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, **IT IS ORDERED THAT**:

1) Within 14 days of the date of this order, or by **April 22, 2015**, Plaintiff may file a Third Amended Complaint to attempt to cure the deficiencies discussed above. The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Third Amended Complaint, and a copy of Plaintiff's deficient Second Amended Complaint.

2) If Plaintiff chooses to file a Third Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. The Third Amended Complaint must be complete in and of itself, without reference to the original complaint or any other

7

pleading, attachment or document.

An amended complaint supersedes the preceding complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the court will treat all preceding complaints as nonexistent. *Id.* Because the court grants Plaintiff leave to amend as to all his claims raised here, any claim that was raised in a preceding complaint is waived if it is not raised again in the Third Amended Complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012).

Because any Third Amended Complaint will be plaintiff's **third** opportunity to amend his complaint to rectify pleading deficiencies, the Court advises plaintiff that it will not be disposed toward another dismissal without prejudice and with leave to amend. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" *Ismail v. County of Orange*, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (Valerie Baker Fairbank, J.) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987)); *see also Zavala v. Bartnik*, 348 F. App'x 211, 213 (9th Cir. 2009) ("Dismissal with prejudice was proper because Zavala was given two prior opportunities to amend his complaint in order to correct the deficiencies identified by the district court but failed to do so.").

///
///
///
///
///
///

**Plaintiff is admonished he has failed to remedy the deficiencies identified by the Court in its Order dismissing his First Amended Complaint. If Plaintiff again fails to comply with the Court's instructions, the Court may recommend this action be dismissed with prejudice**.

DATED: April 8, 2015

_____
HON. KENLY KIYA KATO
United States Magistrate Judge