O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MANUEL REYNA CHAVEZ, | ) | Case No. EDCV 14-02378-MMM (KK) |
| Plaintiff, | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER REVOKING IN FORMA PAUPERIS STATUS |
| COUNTY JAIL OF SAN BERNARDINO, et al., | ) ) ) | |
| Defendants. | ) ) | |

    This is a closed *pro per* civil rights action filed by Plaintiff Manuel Reyna Chavez ("Plaintiff"). On October 1, 2015, Plaintiff filed a Notice of Appeal with the Ninth Circuit appealing this Court's September 5, 2015 Judgment dismissing his action without prejudice for failure to prosecute and failure to comply with court orders. ECF Docket No. ("Dkt.") 24. On October 5, 2015, the Ninth Circuit issued a Referral Notice referring the matter to this Court for the limited purpose of determining whether *in forma pauperis* status should continue on appeal or whether the appeal is frivolous or taken in bad faith. Dkt. 26. For the reasons set forth below, the Court finds the appeal to be frivolous or taken in bad faith, and thus, revokes Plaintiff's *in forma pauperis* status. 28 U.S.C. §

1915(a)(3).

## I.

## **BACKGROUND**

On November 18, 2014, Plaintiff lodged a *pro se* civil rights complaint ("Complaint"), pursuant to 42 U.S.C. § 1983. Dkt. 1-1. In the Complaint, Plaintiff alleged defendants San Bernardino Sheriff Deputies Sanchez, Reynoso, and Ungureanu violated his Eighth Amendment rights by using excessive force against him. Id. at 3-5. The Complaint also named defendant San Bernardino Sheriff John McMahon who was allegedly "the head sheriff of S.B.S.D. that's accountable, liable, and responsible for these '3 deputies' actions and misconduct." Id. at 3. The Complaint named all defendants in their individual and official capacities. Id. at 3-5. Although unclear, the Complaint appeared to also name the County Jail of San Bernardino as a defendant. Id.

On November 21, 2014, the Court issued an Order Dismissing the Complaint with Leave to Amend, finding the Complaint failed to state any claim against: defendant McMahon in his individual capacity; any entity defendant; and any defendant in his official capacity. Dkt. 2 at 3-6.

On December 17, 2014, Plaintiff filed a First Amended Complaint asserting the same Eighth Amendment claim as in the Complaint. Dkt. 8. The First Amended Complaint named seven defendants in their individual and official capacities: (1) the County of San Bernardino; (2) San Bernardino County Jail; (3) the Head Sheriff of West Valley Detention Center; (4) Captain Jeff Rose of the San Bernardino County Jail; (5) Deputy Sanchez; (6) Deputy Reynoso; and (7) Deputy Ungureanu. Id. at 3-4.

On January 8, 2015, the Court issued an Order Dismissing First Amended Complaint with Leave to Amend, finding the First Amended Complaint failed to state: any claims against defendants County of San Bernardino, San Bernardino County Jail, Head Sheriff of West Valley Detention Center, Rose, and Reynoso; official capacity claims against defendant Sanchez; and official capacity claims against defendant Ungureanu. Dkt. 9 at 3-6.

On April 7, 2015, Plaintiff filed a Second Amended Complaint ("SAC"), again asserting the same Eighth Amendment claim as in the Complaint. Dkt. 18. The SAC named three defendants in their individual and official capacities: (1) Deputy Ungureanu; (2) Deputy Reynoso; and (3) Deputy Sanchez. Id. at 3.

On April 8, 2015, the Court dismissed the SAC with leave to amend. Dkt. 19. The Court found the SAC failed to state any official capacity claims against any defendant and individual capacity claims against defendant Reynoso. Id. at 3. The Court granted Plaintiff until April 22, 2015 to file a Third Amended Complaint remedying these pleading deficiencies. Id. at 7. The Court expressly warned Plaintiff that failure to file a Third Amended Complaint in accordance with the Court's instructions would result in a recommendation that the action be dismissed. Id. at 9. However, Plaintiff failed to timely file a Third Amended Complaint and failed to request an extension of time in which to do so.

Thus, on May 7, 2015, the Court issued a Report and Recommendation that Plaintiff's action be dismissed for failure to prosecute and failure to comply with Court orders. Dkt. 21. The Court granted Plaintiff until June 8, 2015 to file objections to the Court's Report and Recommendation. Dkt. 20. Plaintiff failed to file objections to the Report and Recommendation. Hence, on September 5, 2015, judgment was entered dismissing the action without prejudice. Dkt. 23.

On October 1, 2015, Plaintiff filed a Notice of Appeal. Dkt. 24. On October 5, 2015, the Ninth Circuit issued an order referring Plaintiff's appeal to this Court for the limited purpose of determining whether *in forma pauperis* status should continue on appeal or whether the appeal is frivolous or taken in bad faith. Dkt. 25.

## II.

## DISCUSSION

"While the right to appeal from a final order of the District Court is absolute, permission to appeal *in forma pauperis* is a privilege founded upon statute and subject to the provisions thereof." Barkeij v. Ford Motor Co., 230 F.2d 729, 731 (9th Cir. 1956)

(per curiam) (footnote omitted). Under 28 U.S.C. § 1915(a), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Hence, a district court may revoke *in forma pauperis* status if it finds an appeal to be frivolous or taken in bad faith. 28 U.S.C. § 1915(a)(3); see also Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of *forma pauperis* status is appropriate where district court finds the appeal to be frivolous or taken in bad faith). A court may find an appeal is frivolous or taken in bad faith where the plaintiff makes "no effort to comply" with court orders. Barkeij, 230 F.2d at 731-32.

Here, Plaintiff's appeal is frivolous or taken in bad faith. Id. Plaintiff filed three complaints which failed to state a claim. Dkt. 4, 8, 18. Plaintiff received three dismissal orders, offering him three opportunities to correct specific deficiencies the Court identified in each of the prior dismissal orders. Dkt. 2, 9, 19. Despite these opportunities, Plaintiff failed to file a Third Amended Complaint.

As a result of Plaintiff's failure to respond to the Court's order that he file a Third Amended Complaint if he wished to pursue this action, the Court issued a Report and Recommendation that Plaintiff's action be dismissed without prejudice for failure to prosecute and comply with court orders. Dkt. 21. Despite having the opportunity to object to the Court's recommendation, Plaintiff again failed respond. Dkt. 20-21. Plaintiff, thus, made "no effort to comply" with the Court's orders or otherwise litigate his case. Barkeij, 230 F.2d at 731-32. Accordingly, the Court finds Plaintiff's appeal to be frivolous or taken in bad faith and, thus, revokes Plaintiff's *in forma pauperis* status. Id.

///
///
///
///
///

## III.

## **ORDER**

IT IS THEREFORE ORDERED that Plaintiff *in forma pauperis* status is revoked.

DATED: October 8, 2015

_____
HONORABLE MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE